IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00024-MR-WCM

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY | )<br>)<br>) |
| Plaintiff, | )      ORDER |
| v. | )<br>) |
| NATIONAL BRIDGE BUILDERS, LLC, | )<br>) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Motion to Compel Production of All Relevant Audio Recordings, Emails, and Text Messages ("Plaintiff's Motion to Compel," Doc. 65) and Defendant's Motion to Compel Discovery ("Defendant's Motion to Compel," Doc. 74).

## I. Relevant Background

On February 10, 2022, Frankenmuth Mutual Insurance Company ("Plaintiff") filed its complaint against National Bridge Builders, LLC ("Defendant"), William H. West, III ("West, III"), William H. West, IV ("West, IV"), Gemini III Trust, and Gemini IV Trust. Doc. 1. Plaintiff alleged that West, III and West, IV were "members, officers, and/or agents of National Bridge and direct, control, and/or coordinate National Bridge's construction contracting activities." Id. at ¶ 14.

1

On September 2, 2022, a Pretrial Order and Case Management Plan was entered. Doc. 35. The Pretrial Order set a discovery deadline of March 3, 2023, a motions deadline of April 5, 2023, and trial during the September 23, 2023 trial term.

On January 11, 2023, Defendant filed an "Amended Motion to Dismiss, Affirmative Defenses, Answer, and Counterclaims." Doc. 63.

On January 13, 2023, Plaintiff's Motion to Compel was filed. Doc. 65. Defendant has responded, and Plaintiff has replied. Docs. 73, 77.

On February 6, 2023, Defendant's Motion to Compel was filed. Doc. 74. Plaintiff has responded, and Defendant has replied. Docs. 79, 83.

Following a hearing on March 1, 2023, the undersigned ruled orally on both Motions. This Order memorializes those rulings.

## II. Legal Standards

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This determination is to be made "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Oppenheimer v. Episcopal Communicators, Inc., No. 1:19-CV-00282-MR, 2020 WL 4732238, at *2 (W.D.N.C. Aug. 14, 2020) (quoting Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010)).

III. Discussion

    A. Plaintiff's Motion to Compel

Plaintiff seeks an order: 1) compelling the production of "all relevant audio recordings, texts, and emails" in Defendant's possession, custody, or control (the "Subject Communications")[1]; and 2) prohibiting Defendant from conducting further depositions of Plaintiff's representatives, employees, or former employees until the Subject Communications have been produced. Additionally, Plaintiff requests that it be awarded fees and expenses associated with the Motion to Compel, and that the pretrial deadlines be extended.

---

[1] The Subject Communications include, at least: (1) an audio recording of a July 13, 2018 telephone call between West, IV and Plaintiff's former employee, Mark Latini ("Latini"); (2) an audio recording of a September 10, 2021 telephone call between West, IV and Latini; (3) emails from 2018; (4) recordings of meetings and/or communications referenced in Defendant's counterclaims, Doc. 63 at ¶¶ 11, 14, 22, 29, 32, 34, 37, 38, 39, 40; and (5) texts referenced in Defendant's counterclaims, Doc. 63 at ¶¶ 17, 18, 19.

### 1. Production of the Subject Communications

Defendant contends that it does not have possession, custody, or control of at least the audio recordings that are included within the Subject Communications for purposes of Rule 34 of the Federal Rules of Civil Procedure, as those materials are held by West, IV. However, as Mr. West was previously a party to this litigation, is the trustee of one of the trusts that was also previously a party, and is a senior manager of Defendant, and further in light of defense counsel's statement that the audio recordings could be produced immediately after the completion of the depositions Defendant wishes to take, the undersigned is not persuaded that these materials should not be considered to be within the possession, custody, or control of Defendant.

As to the other types of communications, defense counsel indicated that Defendant reports they could be produced within 30 days.

Defendant will therefore be required to produce the Subject Communications.

### 2. Timing of the Depositions of Plaintiff's Witnesses

Defendant's primary objection to production of the Subject Communications is one of timing. That is, Defendant argues that these materials should be produced only after the remaining depositions of Plaintiff's witnesses have been completed. In support of that position, Defendant contends that, although the Subject Communications include substantive

4

evidence relative to Defendant's defenses and counterclaims, producing the Subject Communications prior to the additional depositions of Plaintiff's witnesses would destroy the potential impeachment value of the Subject Communications.

Plaintiff disagrees and argues that the Subject Communications are relevant to Defendant's defenses and counterclaims and that they should be produced before further depositions are taken.

The Court finds that the Subject Communications are at least in part substantive evidence, and that they should be produced before further depositions of Plaintiff's witnesses are taken. See Dehart v. Wal–Mart Stores, East, L.P., 2006 WL 83405 (W.D.Va. Jan. 6, 2006) (ordering production of store surveillance video showing events leading up to plaintiff's injury prior to plaintiff's deposition where substantive value of the evidence outweighed the "minimal" impeachment value of the surveillance); Pro Billiards Tour Assoc., Inc. v. R.J. Reynolds Tobacco Co., 187 F.R.D. 229, 230-231 (M.D.N.C. 1999) (ordering production of audiotape that allegedly provided evidence of the parties' oral contract prior to deposition and stating that "classifying evidence as to its relative importance as either impeachment or substantive evidence provides the best criteria for determining whether to delay production of evidence until after a party has been deposed."); see also Gutshall v. New Prime, Inc., 196 F.R.D. 43, 45 (W.D.Va.2000) ("while surprise has a healthy

5

prophylactic effect against perjury, on balance, cases are more likely to be decided fairly on their merits if the parties are aware of all the evidence").

### 3. Extension of the Pretrial Deadlines

Plaintiff requests generally that the discovery deadline and "any other deadlines based upon [Defendant's] failure to comply with its discovery obligations]" be adjusted. During the hearing, Plaintiff's counsel suggested that the court-enforceable discovery deadline be extended for 90 days following Defendant's production of the Subject Communications, with other deadlines being extended as well.

Defendant did not object to an extension of the pretrial deadlines.

The court-enforceable discovery period opened on September 2, 2022 with the entry of the Pretrial Order. During the hearing, the parties reported that they had served and responded to various written discovery requests, including interrogatories and document requests. However, only one deposition has been taken – a deposition of Kathleen Maloney for approximately 3 hours and 18 minutes – and even that proceeding is a subject of Defendant's Motion to Compel.

In short, though the parties have engaged in written discovery, and though they now agree that each side should be given leave to take more depositions than were originally authorized by the Pretrial Order, it appears

6

that they have spent a significant amount of time arguing over the logistics and sequencing of discovery.

The parties will be provided with some additional limited time to conduct court-enforceable discovery and thereafter will be free to conduct voluntary discovery within the bounds set by the Pretrial Order. However, under these circumstances, an extension of the pretrial deadlines of the length suggested by Plaintiff is not warranted.

### B. Defendant's Motion to Compel

Defendant seeks an order: (1) compelling Plaintiff to supplement its responses to certain document requests; (2) directing that certain depositions of Plaintiff's employees proceed; (3) increasing the number of authorized fact depositions per side; (4) increasing the time limit for the depositions of Kathleen Maloney and Joseph Ruch; (5) requiring Plaintiff to accept service of deposition notices and subpoenas on behalf of any and all of Plaintiff's agents/employees; and (6) "sequestering" certain deponents.[2]

### 1. Supplementation of Discovery Responses

Defendant asserts that Plaintiff should be directed to supplement its responses with regard to twenty (20) categories of documents identified by

---

[2] Defendant's Motion to Compel also requested that Defendant's time for responding to Plaintiff's current request for injunctive relief be extended or that a ruling on Plaintiff's request be delayed. During the March 1 hearing, though, the parties agreed that this request is now moot.

Defendant. See Doc. 75 at 12-14. Among these categories is a request that Plaintiff produce any reinsurance policies and related communications (the "Reinsurance Document Request").

With the exception of documents that pertain to the Reinsurance Document Request, Plaintiff's counsel indicated during the hearing that he believed Plaintiff had produced, or was in the process of producing, all documents responsive to these requests.

As it appears that Plaintiff does not have a substantive objection to producing these materials (other than those that pertain to the Reinsurance Document Request), Defendant's request will be allowed.

### 2. Requests Regarding Depositions and Witnesses

Defendant's request that Plaintiff be compelled to produce its witnesses for deposition relates to its contention that at least the audio recordings should not be produced until Defendant has taken further depositions of Plaintiff's witnesses. Defendant's request that Plaintiff be directed to accept service of deposition notices and subpoenas on behalf of any and all of Plaintiff's agents/employees likewise appears to be related. This issue is addressed above in the context of Plaintiff's Motion to Compel.

Defendant requests that the number of authorized fact depositions per side be increased from 6 to 12. Plaintiff does not oppose this request, and it will be allowed.

Defendant argues that it is appropriate to increase the time limit for Kathleen Maloney's deposition to 21 hours, and the time limit for Joseph Ruch's deposition to 14 hours. Plaintiff objects. During the hearing, the parties described their communications regarding Defendant's taking of Kathleen Maloney's deposition. The Court concludes that Defendant should be given leave to take additional testimony from Ms. Maloney but that sufficient cause has not been shown to increase the time limit for her deposition to 21 hours or the time limit for the deposition of Mr. Ruch to 14 hours.

### 3. Request to Sequester

Defendant acknowledged that its request to "sequester" certain deponents was unusual and that it had no authorities beyond Rule 615 of the Federal Rules of Evidence to support this request. This request is denied.

### C. The Parties' Requests for Fees and Expenses

Both parties have requested an award of fees and costs relative to the Motions to Compel. These requests are denied without prejudice, as stated below.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion to Compel (Doc. 65) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. With respect to the Subject Communications, the Motion is **GRANTED**, and Defendant is **DIRECTED TO PRODUCE** these materials on or before **Friday, March 17, 2023**.

b. With respect to the extension of the pretrial deadlines, the Motion is **GRANTED IN PART** and the deadlines to complete court-enforceable discovery, conduct mediation, and file dispositive motions (if any) are **EXTENDED** as follows: i) court-enforceable discovery through and including April 3, 2023; ii) mediation through and including April 21, 2023; and, iii) dispositive motions through and including May 5, 2023. Given that the deadlines for the disclosure of expert witnesses have expired, the Court declines to set new deadlines for that purpose and reminds the parties that their expert disclosures must be supplemented, as necessary, pursuant to the Rules of Civil Procedure.

2. Defendant's Motion to Compel (Doc. 74) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. With respect to the twenty (20) categories of document requests (except for the Reinsurance Document Request), the Motion is **GRANTED**, and Plaintiff is **DIRECTED TO PRODUCE** responsive documents on or before **Friday, March 17, 2023**.

b. With respect to the Reinsurance Document Request, the Motion is **DENIED WITHOUT PREJUDICE** as the Court finds that the parties have not sufficiently conferred about the potential production of these items.

c. With respect to deposition-related issues:

   i. Defendant's request to increase the allowed number of fact witness depositions from six (6) to (12) per side is **GRANTED** and the Pretrial Order and Case Management Plan (Doc. 35) is **AMENDED** for that purpose. All other provisions of the Pretrial Order, as amended, including the September 5, 2023 trial setting, remain in effect.

   ii. Defendant's request for an order directing Plaintiff to allow certain depositions of its employees to proceed is **DENIED** considering the Court's conclusion that the Subject Communications should be produced before such depositions are continued or commenced. Similarly, Defendant's request that Plaintiff be compelled to accept service on behalf of its witnesses is **DENIED**.

   iii. Defendant's request that the time limit for Kathleen Maloney's deposition be extended to 21 hours is **DENIED IN PART**, as the Court finds that Defendant has not sufficiently

demonstrated that a 21-hour time limit for Ms. Maloney's testimony is necessary. However, the Court also concludes that under the circumstances presented, Defendant should be allowed to take additional testimony of up to 3 hours and 15 minutes on the record from Ms. Maloney and **GRANTS LEAVE** to Defendant to reopen Ms. Maloney's deposition for that purpose.

iv. Defendant's request that the time limit for Joseph Ruch's deposition be extended to 14 hours is **DENIED**.

v. Defendant's request that certain deponents be sequestered pursuant to Rule 615 of the Federal Rules of Evidence is **DENIED**.

vi. With regard to all deposition-related issues, including but not limited to the scheduling and logistical arrangements for depositions and reasonable extensions of the per deposition time limit (if appropriate), counsel are reminded that they are expected to work with each other cooperatively, where possible. In the event the parties cannot resolve any legitimate disagreements, they should proceed in accordance with the Rules of Civil Procedure and this Court's Local Rules, provided however, that they should only resort to

motions practice after possible resolution without court involvement has been fully explored with opposing counsel.

    d. Defendant's request for an order extending the time for Defendant to respond to Plaintiff's injunction request or to delay ruling on Plaintiff's injunction request is **DENIED AS MOOT**.

3. With respect to the parties' requests for awards of fees and expenses associated with the Motions to Compel, such requests are **DENIED WITHOUT PREJUDICE**. In the event a party fails to comply fully with the provisions of this Order, the opposing party may file a renewed motion seeking this relief.

Signed: March 7, 2023

W. Carleton Metcalf
United States Magistrate Judge