IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00024-MR-WCM

| | | |
|---|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| NATIONAL BRIDGE BUILDERS, LLC, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Compel Discovery (Doc. 92); Plaintiff's Motion to Compel Relative to Deficient Document Productions, Responses to Requests for Production, and Responses to Interrogatories (Doc. 94); and Defendant's Motion for Protective Order (Doc. 114). The undersigned conducted a lengthy hearing on these motions on June 22, 2023. At the conclusion of the hearing, the Court issued oral rulings on these matters. This Order memorializes those rulings.[1]

Having reviewed the parties' filings, the record, and applicable authorities, and having received the arguments of counsel, the Court

---

[1] During the hearing, both parties took the position that the filing of Plaintiff's Notice of Appeal (Doc. 133) and Plaintiff's Motion for Reconsideration or in the Alternative Motion to Suspend Order and Stay Action Pending Appeal (Doc. 134) do not impact the undersigned's authority to address the pending discovery motions. <u>See also</u> Doc. 137.

1

concludes, as stated on the record at the conclusion of the hearing, that the motions should be granted in part and denied in part.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's Motion to Compel Discovery (Doc. 92) is **DENIED**.
2. Plaintiff's Motion to Compel Relative to Deficient Document Productions, Responses to Requests for Production, and Responses to Interrogatories (Doc. 94) is **GRANTED IN PART** and **DENIED IN PART** as follows;
   a. On or before **July 21, 2023**, Defendant **SHALL SERVE** a sworn statement by one of its representatives (other than its attorneys) certifying that Defendant has reasonably searched for and produced all documents in Defendant's possession, custody, or control that are responsive to Plaintiff's document requests. Should additional responsive documents be discovered, those items shall be produced by Defendant at the same time the certification is served.
   b. The Court will not direct Defendant to reproduce in a reorganized or re-categorized manner the documents it has previously produced to Plaintiff. However, to the extent that Defendant relies on documents when

2

providing supplemental answers to Plaintiff's Interrogatories (discussed below), Defendant shall specifically identify, in each supplemental answer, all such documents upon which it is relying.
    c. Defendant **SHALL PRODUCE** supplemental answers, which are verified and that otherwise comply with the Rules of Civil Procedure, to the interrogatories referenced in Plaintiff's Motion to Compel (Doc. 94) on or before **July 21, 2023**.
    d. Except as allowed, Plaintiff's Motion to Compel (Doc. 94), including Plaintiff's request for an extension of the court-enforceable discovery deadline, is **DENIED**.
3. Defendant's Motion for Protective Order (Doc. 114) is **DENIED**.
4. To the extent that Defendant has requested that it be awarded its fees and costs in relation to these Motions, such request is **DENIED**.

5. Plaintiff's request for an award of fees and costs associated with these Motions is **HELD IN ABEYANCE** pending Defendant's provision of the information as directed herein. Should Defendant fail to provide this information and Plaintiff wish to be heard further on the issue of fees and costs, any such filing by Plaintiff shall be made on or before August 3, 2023.

Signed: June 23, 2023

W. Carleton Metcalf
United States Magistrate Judge